# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEANDRE LAJUAN JACKSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:22-CV-877 RLW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Deandre Lajuan Jackson's August 2, 2022 letter to the Court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On review of the letter, the Court finds that it is unclear whether petitioner understands the ramifications and consequences of filing a motion to vacate. Therefore, the Court will advise petitioner of the consequences and allow him to file a second amended § 2255 motion or to withdraw it for filing at a later time.

### Background

Petitioner pled guilty to three counts of armed carjacking and one count of discharging a firearm in furtherance of a crime of violence. *United States v. Jackson*, No. 4:17-CR-380-RLW (E.D. Mo.). The Court sentenced him to 228 months' imprisonment. Petitioner did not file an appeal of his conviction or sentence.

On August 2, 2022, Petitioner filed a letter in the underlying criminal action expressing an intent to seek relief from judgment pursuant to *United States v. Taylor*, 142 S. Ct. 2015 (2022). The letter also requested appointment of counsel to assist him in bringing claims pursuant to the *Taylor* decision. In the interests of justice, and in accordance with the Court's standard procedures

with regard to *Taylor* cases, the Court construed the letter as a motion for relief from judgment, administratively terminated the motion, and opened the instant civil action under 28 U.S.C. § 2255.

## Discussion

When a court *sua sponte* characterizes a filing as a § 2255 motion, the petitioner must be given the opportunity to either consent to the classification or withdraw the filing. The Eighth Circuit in *Morales v. United States* has explained:

> When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion.

304 F.3d 764, 767 (8th Cir. 2002).

The Court is now giving petitioner the option of withdrawing his motion or consenting to the reclassification of it as a motion to vacate. If petitioner consents to the characterization of the instant filing as a § 2255 motion, he must: (1) inform the Court of his decision in writing; and (2) file an amended § 2255 motion on a Court-provided form which will be provided to him. If petitioner consents, he must file **all of his grounds for relief** in the motion. That is, he may or may not wish to bring claims for ineffective assistance of counsel or prosecutorial misconduct, for example, or any other ground he believes entitles him to relief. He should also articulate his *Taylor* claim if he believes it offers him relief.  If he consents to the reclassification and fails to bring all of his potential grounds for relief, he most likely will not be able to bring those grounds for relief at a later time because § 2255(h) prohibits the filing of second or successive motions without approval of the Court of Appeals and only in very limited circumstances. If petitioner opposes the characterization, or if he fails to respond to this Order, then the Court will dismiss the action without prejudice.

Additionally, the Court informs petitioner that § 2255 contains a one-year statute of limitations, which starts when the criminal judgment becomes final. Consequently, petitioner must be sure to timely file any of his potential grounds for relief or he may be forever barred from bringing them before the Court.

Finally, the Court notes that it will not appoint counsel for petitioner at this time because it does not appear that *Taylor* provides him with relief.  However, the Court has not decided this issue, and petitioner should bring any claims that might possibly lead to sentencing relief.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall have twenty-one (21) days from the date of this Order to either consent in writing to the reclassification of his August 2, 2022 letter as a motion to vacate under 28 U.S.C. § 2255, or he must withdraw the motion.

**IT IS FURTHER ORDERED** that if petitioner consents to the characterization, then he must file an amended § 2255 motion on the Court-provided form within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to petitioner a copy of the Court's form motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that if petitioner does not consent to the characterization of the instant filing as a § 2255 motion, or if petitioner fails to timely respond to this Order, then the Court will dismiss the action without prejudice.

Dated this 25th  day of August, 2022.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE