IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE LAJUAN JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) Case No. 4:22-cv-00877-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Deandre Lajuan Jackson's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, in which Petitioner argues that his conviction of discharging a firearm in furtherance of a completed carjacking under 18 U.S.C. § 924(c)(1)(A)(iii) should be invalid due to the predicate offense, a completed carjacking under 18 U.S.C. § 2119, no longer being considered a "crime of violence" under the reasoning set forth in *United States v. Taylor*, 596 U.S. 845 (2022).

*Taylor* held that a conviction for an attempted Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force.

The matter is now before the Court on the Government's motion (ECF 15) to dismiss the Petitioner's § 2255 motion. For the reasons set forth below, the Court will grant the Government's motion.

**BACKGROUND**

On March 4, 2019, Petitioner pled guilty to three counts of armed carjacking in violation of 18 U.S.C. § 2119 and one count of discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(3)(A). *United States v. Jackson*, No. 4:17-CR-380-RLW (E.D. Mo.).[1] The Court sentenced him on June 18, 2019 to 228 months of imprisonment. Petitioner did not file an appeal of his conviction or sentence.

On August 2, 2022, Petitioner filed a letter in the underlying criminal action expressing an intent to seek relief from judgment pursuant to *Taylor*, 596 U.S. at 845. The letter also requested appointment of counsel to assist him in bringing claims pursuant to the *Taylor* decision. In the interests of justice, and in accordance with the Court's standard procedures with regard to *Taylor* cases, the Court construed the letter as a motion for relief from judgment, administratively terminated the motion, and opened the instant civil action under 28 U.S.C. § 2255.

The Court thereafter appointed counsel for Petitioner and appointed counsel has now amended Petitioner's § 2255 motion. ECF 5. First, Petitioner argues that his conviction in Count 2 is illegal because the least serious conduct, a carjacking conviction, requires consists of attempted carjacking which does not categorically require the use, attempted use, or threatened use of force against a person or property required to establish a violation under § 924(c)(3)(A).

---

[1] Petitioner's criminal case proceeded before the Honorable Judge Ronnie L. White. References to the underlying criminal case are designated hereinafter as "Crim. ECF No. ___").

2

Second, Petitioner argues that because completed carjacking and attempted carjacking are indivisible crimes, the conviction cannot hold up in light of *Taylor*.

Finally, Petitioner argues that, even standing alone, the offense of a completed carjacking does not constitute a crime of violence because it can be completed by "intimidation," which, according to Petitioner, is not a sufficiently culpable mental state under the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021).

The Government now moves to dismiss the Petitioner's § 2255 motion. The Government argues three main points: (1) Petitioner's motion is barred under the postconviction waiver in his plea agreement, (2) Petitioner's motion is untimely under 28 U.S.C. § 2255(f)(3) because there is no nexus between *Taylor* and his predicate conviction, and (3) Petitioner's claim fails on its merits due to the *Taylor* decision being irrelevant to his 924(c) conviction.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

**A Completed Carjacking Qualifies as a "Crime of Violence"**

Because the Court agrees with the Government's contention that Petitioner's § 2255 motion fails on the merits, there is no need to discuss the Government's

alternative arguments regarding Petitioner's postconviction waiver and the timeliness of Petitioner's motion.[2]

Section 924(c)(1)(A) mandates a minimum five-year sentence for anyone convicted of "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A)(i). The statute defines a "crime of violence" in two subparts. The first definition is known as the "elements clause" and is found in § 924(c)(3)(A). *See United States v. Davis*, 588 U.S. 445 (2019). The elements clause covers felonies that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second definition is known as the "residual clause" and is set forth in § 924(c)(3)(B). The residual clause covers felonies that "by [their] nature, involve[s] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

*Davis* declared the "residual clause" unconstitutionally vague. 588 U.S. at 470. But *Davis* did not invalidate the elements clause, and "even today the elements clause remains in force." *Taylor*, 596 U.S. at 849. Thus, after *Davis*, a conviction qualifies as a "crime of violence" under § 924(c) only if it satisfies the elements clause.

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), does not qualify as a crime of violence because it does not categorically require the Government to prove the use, attempted use, or threatened use

---

[2]   The timeliness of the motion and effect of Petitioner's appellate waiver are also impacted by the merits of Petitioner's motion.

4

of force. *Id.* at 850. Instead, the Government had to prove: (i) the defendant intended to take personal property by means of actual or threatened force, and (ii) a substantial step towards that aim. *Id.* The Supreme Court found that it was categorically possible for a defendant to commit attempted Hobbs Act robbery without committing a crime of violence. *Id.*

The *Taylor* Court only resolved the question of whether attempted Hobbs Act robbery qualifies as a crime of violence under the elements clause for purposes of an enhanced punishment under 924(c)(3)(A). 588 U.S. at 850. However, the current case does not involve an attempted crime, a Hobbs Act robbery, or an attempted Hobbs Act robbery. Rather, Petitioner's § 924(c) conviction was predicated on a completed carjacking.

In his guilty plea, Petitioner stipulated that the elements of Petitioner's predicate carjacking were as follows:

(i) The Defendant took a 2008 Mazda MX6 from the person or presence of another;

(ii) The Defendant did so by means of force, violence or intimidation;

(iii) The aforementioned 2008 Mazda MX76 had been transported in interstate commerce; and

(iv) At or during the time the Defendant took the aforementioned 2008 Mazda MX6, he intended to cause death or serious bodily injury.

Crim. ECF No. 64 at 2–3.[3]

---

[3] Petitioner stipulated that the elements of Count Two, under § 924(c) were that "(i) The Defendant committed the crime of armed carjacking as set forth in Count One . . . ; and (ii) The Defendant knowingly possessed, brandished and discharged a firearm in furtherance of that crime." Crim. ECF No. 63 at 3.

Post-*Taylor*, the Eighth Circuit and others have continued to hold that a completed carjacking under § 2119 constitutes a crime of violence. *United States v. Shields*, 63 F.4th 1145, 1147 (8th Cir. 2023) (rejecting the defendant's argument under *Taylor* that conspiracy to commit carjacking is not a crime of violence under the United States Sentencing Guidelines and holding that Eighth Circuit precedent holding that completed carjackings are crimes of violence are consistent with and continue to be valid under *Taylor*) [4]; *aff'g Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (holding that a completed carjacking is a crime of violence); *see also United States v. Jackson*, No.22-3958, 2023 WL 8847859 at *5 (6th Cir. Dec. 21, 2023) (holding that *Taylor* does not undermine circuit precedent because a completed carjacking requires the actual use of force or intimidation to accomplish).

Likewise, in cases analogous to carjacking, such as a completed Hobbs Act robbery, the Eighth Circuit continues to hold post-*Taylor* that *completed* Hobbs Act robberies are crimes of violence to satisfy a conviction under 924(c). *See United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (per curiam); *see also Green v. Garland*, 79 F.4th 920, 923–24 (8th Cir. 2023) (per curiam) (distinguishing the facts of *Taylor* and holding that a completed Hobbs Act robbery constitutes a "crime of violence").

---

[4] While *Shields* addressed Sentencing Guidelines, the text of the relevant provision is substantially the same as the definition of a crime of violence under 924(c).

There is no dispute that Petitioner pled guilty to a completed armed carjacking, and based on the above noted precedent, a completed carjacking is enough to support a 924(c) conviction.

**Divisibility as Between a Completed and an Attempted Carjacking Under § 2119**

A criminal statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). But a statute that merely lists "alternative means of satisfying one (or more) of its elements" is indivisible. *Id.* at 503. If a statute is "divisible," courts apply a "modified categorical approach," looking to certain permitted sources (such as the indictment or plea agreement) "to determine what crime, with what elements, a defendant was convicted of." *United States v. Kent*, 44 F.4th 773, 775–76 (8th Cir. 2022) (citation omitted).

Petitioner invokes this divisibility analysis to argue that § 2119 is indivisible as between attempted and completed carjackings, such that the reasoning of the courts that have held, post-*Taylor*, that attempted carjackings under § 2119 are not "crimes of violence"[5] should apply equally to completed carjackings.

Although the Eighth Circuit has not squarely addressed this issue, examination of the text of § 2119 forecloses Petitioner's argument. A person is guilty of carjacking under 18 U.S.C. § 2119 when, "with the intent to cause death or serious bodily harm," he

---

[5]   *See, e.g.*, *Hunter v. United States*, No. 4:22-cv-0630-JAR, 2023 WL 4744070 at *2 (E.D. Mo. July 24, 2023) (holding that an attempted carjacking does not constitute a crime of violence under the reasoning set forth in *Taylor*); *see also Williams v. United States*, No. 4:19-CV-2668 RLW, 2022 WL 17752128 (E.D. Mo. Dec. 19, 2022) (same).

"takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, *or attempts to do so*." 18 U.S.C. § 2119 (emphasis added). The statute thus clearly defines the two separate offenses: completed carjacking and attempted carjacking. *See United States v. Bertrand,* No. 20-CR-547 (PKC), 2023 WL 22623, at *4 (E.D.N.Y. Jan. 3, 2023) (rejecting a similar indivisibility argument and holding that completed and attempted carjackings under § 2119 are separate offenses); *see also United States v. Brown*, 73 F.4th 1011, 1014 (8th Cir. 2023) ("If . . . the statute sets forth alternative elements that define multiple offenses, the statute is divisible.").

With respect to a completed carjacking, the requirement that a vehicle be taken "by force and violence" or "intimidation" requires proof that the person used, or threatened to use, force. *Shields*, 63 F.4th at 1147; *Jackson*, 2023 WL 8847859, at *4. This reasoning is consistent with Eighth Circuit precedent analyzing divisibility under the analogous Hobbs Act, in which the Eighth Circuit has continued to hold, post-*Taylor*, that a completed—as opposed to an attempted—Hobbs Act robbery is a crime of violence under § 924(c). *See, e.g.*, *Green*, 79 F.4th at 923–24.

For all of these reasons, the Court concludes that § 2119 is divisible as between attempted and completed offenses and that a completed carjacking is a crime of violence under § 924(c).

**Required Mental State to Commit a Completed Carjacking Under § 2119**

In *Borden,* the Supreme Court held that an offense must require that the defendant acted with a mens rea greater than recklessness in order to qualify as a "violent felony":

8

under the elements clause of the Armed Career Criminal Act ("ACCA").[6]  *Borden*, 593 U.S. at 429.  In his amended motion to vacate, Petitioner relies on *Borden,* arguing that a completed carjacking can be completed with the "inference of a threat of bodily harm." ECF No. 11 at 12.  Specifically, he contends that a completed carjacking does not have a sufficiently culpable mens rea to qualify as a crime of violence because it can be completed by "intimidation," which Petitioner argues constitutes a mere reckless use of force.

    The Petitioner's reliance on *Borden* is ill-found.  The Sixth Circuit rejected such an argument in *Jackson*.  It held that a statute of conviction that proscribes using force to "facilitate the taking of a motor vehicle" is by its nature a "conscious and deliberate action," and that § 2119's specific requirement that a defendant act "'with the intent ot cause death or serious bodily injury' . . . satisfies *Borden*'s requirement of a purposeful or knowing mens rea." *Jackson*, 2023 WL 8847859, at *5; *see also United States v. Brown*, 74 F.4th 527, 531 (7th Cir. 2023) ("Unlike other forms of property which might, conceivably, be taken recklessly or even accidentally, it is difficult, if not impossible, to conceive of taking a motor vehicle from another person in any manner other than knowingly and purposefully.  Operating or directing a motor vehicle involves conscious and deliberate action.").

---

[6]    *Borden* addressed the definition of "violent felony" under the ACCA, 18 U.S.C. § 924(e), which is similar to § 924(c)'s definition of "crime of violence."  *See* 18 U.S.C. § 924(e)(2)(B)(i).

Likewise, although not directly discussing *Borden*, the Eighth Circuit has held that "[t]he intimidation element [under § 2119] . . . requires proof that the robber communicated a threat of bodily harm that could be inferred." *Shields*, 63 F.4th at 1147. The Court thus concludes that a completed carjacking requires a mental state above recklessness to complete and thus a sufficiently culpable mental state under *Borden*.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to dismiss is **GRANTED**, and Petitioner Deandre Lajuan Jackson's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**. ECF No. 15.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2024.